Baldwin, J.
delivered the opinion of the Court.
It appears to the Court, that shortly after the intermarriage of Thompson Crutchfield with the daughter of James Taylor, the slave Isaac, in the proceedings mentioned, came into the possession of the said Crutchfield, either as a gift or loan by parol from the said Taylor; and was thereafter held and claimed by the said Crutch-field until the time of his the said Crutchfield’s death; a period of more than five years: that after the said Crutchfield’s death, the said slave came to the hands of his executors; and was held and claimed by them as a part of his estate, until he ran away, and returned to the possession of the said Taylor, by whom he was thereafter held and claimed as his own, until the time of his the said Taylor's death : that in the lifetime of the said Taylor, and after the said slave had so returned to his possession, the executors of said Crutchfield, claiming the said slave as a part of his estate, brought an action of detinue for his recovery against the said Taylor, who died pending the same; and the cause being revived against his executor, was tried, and a verdict and judgment rendered against the plaintiffs therein: that the bill of the appellant in the present suit serves to shew that the only question controverted between the executors of said Crutchfield, and the said James Taylor in his lifetime, in regard to the title of said slave, was whether he was a gift by way of advancement from said Taylor, or only a loan; and that this continued to be the only question in regard to the title at the time of the trial of the said action of detinue. It follows that *97 the said action could have been determined in favour of the said Taylor's ex’or, only upon the ground that the said slave had not been given by the said Taylor to the said Crutchfield, but was merely a loan; or upon the ground that after said Taylor’s death, pending said action, the said slave had not come to the hands of his executor, as alleged in the process of revival against him. And it must be taken as regards the representatives of said James Taylor, and as regards the appellant claiming only his title, by bequest in his will, and his executor’s assent to the legacy, that the said slave was a loan from the said James Taylor to the said Crutchfield.
And the Court is of opinion, that the appellees, as creditors of said Crutchfield, are in no wise barred or precluded by the verdict and judgment against the executors of said Crutchfield in said action of detinue, from subjecting the said slave, as the property of their debtor, to the payment of their just demands: it appearing from the evidence in this cause that possession of said slave remained with said Crutchfield from the time of said alleged parol loan, by the space of five years, without demand made and pursued by due process of law on the part of the said James Taylor, the pretended lender; notwithstanding the time within the said period of five years during which the said slave, on one occasion, was at the residence of said Taylor, attending the said Crutchfield on a visit to the former, and on another occasion upon the farm of said Taylor, and with his assent employed in the business of and by the said Crutch-field.
And the Court is further of opinion, that if the said slave was merely loaned to the said Crutchfield, as alleged by the said James Taylor in his lifetime, and by his executor, and his legatee, the appellant, since his death, the contract of loan, notwithstanding the possession under the same for more than five years, was good *98 between the parties and those claiming under them; and the said James Taylor in his lifetime having regained the possession of said slave, and held him till his death, and his executor having defeated the executors sa-id Crutchfield, in the said action of detinue brought by them to recover the said slave, who was thereafter held by the appellant, with the assent of the said James Taylor's ex’or, adversely to the said Crutchfield's ex’ors, the said property was not in contemplation of law, assets in the hands of said Crutchfield's ex’ors, to be administered, when the executions of the appellees Christ and Beale were levied thereupon: and therefore that the said levy was unlawful, and the appellant might have maintained an action at law to recover such damages as he had sustained by reason of that unlawful levy. But the appellant in his bill having alleged himself to be the owner of said slave, and thereby presented a proper case, if he could establish it by proofs, for the interposition of a Court of Equity in his behalf, because of the peculiar nature and value of the property in controversy ; and the Circuit Court having at his instance restrained a sale of the said slave under said levy, and taken possession of said slave and his accruing hires, it is not for the appellant to object to the jurisdiction of the said Court, on the ground that he had failed to shew himself the owner of the property as against the appellees ; or to complain that the Court perpetuated the injunction which had been granted him, (though it appeared he was not the owner of the property,) and would have proceeded to give him further relief, by decreeing payment of said executions out of the assets, if any, of said Crutchfield's estate in the hands of his executors, (whom the appellant had properly made defendants by his bill,) and had ordered an account with that view, which was dispensed with in consequence of the admission of the parties that said Crutchfield's estate was utterly insolvent. And the Court having thus as *99 sumed jurisdiction of the case at the instance of the appellant, it was proper that it should go on to dispose of the whole subject according to the rights of the parties, by applying the hires which had accrued from said slave while in the hands of the Court, towards the discharge of said executions, and providing for the satisfaction of the residue thereof, by a sale of said slave, and the proper application of the proceeds; a relief to which the said appellees would have been unquestionably entitled, if they had filed a cross bill for that purpose; and which filing of a cross bill, would, under the circumstances of the case, have been a mere formality.
The Court is therefore of opinion, that there is no error in the said decree of the Circuit Court.
The decree affirmed with costs to the appellees Beale and Christ; and the cause remanded for further proceedings.